# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> KAYDON CORPORATION, <br><br> Defendant. | Civil Action No.: _____ <br><br><br> **COMPLAINT AND** <br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Larry E. Newsome ("Newsome") who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Kaydon Corporation ("Defendant") denied a reasonable accommodation to and discharged Newsome on the basis of his disability, in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Columbia

Division. This lawsuit is being filed in the Columbia Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Columbia Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, a Delaware corporation registered to conduct business in the state of South Carolina, has continuously been doing business in the State of South Carolina and the City of Sumter. At all relevant times, Defendant has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## CONDITIONS PRECEDENT

7. More than thirty days prior to the institution of this lawsuit, Newsome filed a charge with the South Carolina Human Affairs Commission ("SCHAC") alleging violations of the ADA by Defendant.

8. SCHAC deferred Newsome's charge to the Commission for investigation.

9. On August 8, 2018, the Commission issued to Defendant a Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On September 18, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. As described more fully below, on or about May 11, 2017, Defendant engaged in unlawful employment practices at its Sumter, South Carolina facility in violation of 42 U.S.C. § 12112(a), when it refused to provide a reasonable accommodation to Newsome and discharged Newsome on the basis of his disability.

15. At all relevant times, Newsome is and has been a qualified individual with a disability under 42 U.S.C. § 12102 and 42 U.S.C. § 12111(8).

16. Newsome began employment with Defendant as a CNC Machine Operator at Defendant's Sumter, South Carolina facility on or about April 3, 2017.

17. During Newsome's employment, Newsome performed his job duties at a level that met Defendant's legitimate expectations.

18. On or about May 3, 2017, Newsome suffered a heart attack. Newsome was hospitalized as a result of the heart attack, and underwent surgery for the placement of two stents in his left anterior descending artery.

19. Defendant was made aware of Newsome's heart attack the day the heart attack occurred.

20. At the time of Newsome's heart attack and immediately thereafter, Newsome's heart was functioning at a substantially limited and decreased rate. Newsome was substantially limited in the proper functioning of a major bodily system, his cardiovascular system.

21. Prior to and at the time of Newsome's heart attack, Newsome was prescribed and was taking high blood pressure medication.

22. Newsome experienced a number of major bodily function interruptions following his heart attack, including loss of appetite and depletion of energy.

23. Newsome remained hospitalized as a result of the heart attack until his discharge on or around May 6, 2017.

24. On or about May 8, 2017, Newsome called Defendant and spoke with a Human Resources ("HR") employee. Newsome told the HR employee that he had been released from the hospital, had a doctor's appointment scheduled for the upcoming Wednesday, and would provide an update to Defendant following the doctor's appointment.

25. On or about May 10, 2017, Newsome attended a doctor's appointment necessitated by his heart attack. Newsome's doctor placed Newsome on five (5) weeks of leave and provided a number of restrictions on Newsome's general physical activity, including lifting restrictions. Newsome's doctor told him that he would be able to return to work without restrictions on June

21, 2017. Newsome's doctor gave Newsome a doctor's note stating that Newsome required leave until June 21, 2017, at which time he could return without restrictions.

26. As a result of Newsome's heart attack, Newsome's doctor prescribed a blood thinner, blood pressure medication, a generic statin, and baby aspirin. Newsome continues to currently take these prescribed medications.

27. On or about May 11, 2017, Newsome went to Defendant's Sumter facility and spoke with the HR Manager. Newsome provided the HR Manager a copy of his doctor's note and advised that he (Newsome) needed medical leave until June 21, 2017 (*i.e.*, forty-one (41) days) in order to recuperate from his heart attack.

28. During the May 11, 2017 conversation between Newsome and the HR Manager, the HR Manager told Newsome that because he (Newsome) was ineligible for leave or short-term disability, he was terminated. The HR Manager further told Newsome that Newsome was welcome to reapply once released to work full duty (*i.e.*, 100% healed) by his treating physician.

29. Newsome returned home and reviewed benefits information Defendant had provided to him. Pursuant to the benefits information, Newsome had become eligible to participate in Defendant's short-term disability program effective May 1, 2017 (*i.e.*, two days prior to Newsome's heart attack).

30. The following day, on or about May 12, 2017, Newsome called the HR Manager and told her that pursuant to benefits information provided by Defendant, Newsome was eligible to participate in Defendant's short-term disability program. The HR Manager summarily stated that Newsome was not correct, and hung up the telephone.

31. Defendant terminated Newsome on or about May 11, 2017 because of Newsome's disability.

32. Upon information and belief, Defendant subsequently erroneously represented to the South Carolina Department of Employment and Workforce that Newsome had voluntarily quit employment and/or Newsome had been placed on medical leave.

33. At all times relevant, Newsome was capable of performing all essential functions of the CNC Machine Operator position with a reasonable accommodation.

34. On or about May 11, 2017, Defendant failed to engage in the interactive process and failed to consider any potential accommodations that would permit Newsome to remain employed. Instead, Defendant summarily terminated Newsome, and stated that Newsome could reapply once released to work full duty (*i.e.*, 100% healed).

35. On or about May 12, 2017, Defendant continued to deny Newsome reasonable accommodation, including an accommodation to which he was specifically entitled under Defendant's benefits plan (short-term disability).

36. Upon information and belief, Defendant could have accommodated Newsome's disability without an undue hardship on Defendant, and in a manner that would have permitted Newsome to return to work without restrictions on June 21, 2017.

37. Defendant failed to consider *any* accommodation for Newsome before terminating Newsome.

38. Defendant failed to engage in the interactive process prior to terminating Newsome.

39. The effect of the practices complained of above has been to deprive Larry E. Newsome of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

40. The unlawful employment practices complained of above were intentional.

41.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Larry E. Newsome.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from any employment practice that discriminates on the basis of disability.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Larry E. Newsome whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Newsome or front pay in lieu thereof.

D.     Order Defendant to make Larry E. Newsome whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial.

E.     Order Defendant to make Larry E. Newsome whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights, in amounts to be determined at trial.

F.     Order Defendant to pay Larry E. Newsome punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 27th day of September, 2018.

Respectfully submitted:

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, NE
Washington, DC 20507

LYNETTE A. BARNES
Regional Attorney

KARA GIBBON HADEN
Supervisory Trial Attorney

*s/ Rachael S. Steenbergh-Tideswell*
RACHAEL S. STEENBERGH-TIDESWELL
South Carolina Federal Bar No. 10867
Senior Trial Attorney
**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 954-6472
Facsimile: (704) 954-6412
Email: rachael.steenbergh@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**