IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No. 3:18-cv-02641-JMC |
| Plaintiff, | |
| v. | **CONSENT DECREE** |
| KAYDON CORPORATION, | |
| Defendant. | |

The U.S. Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991. The Commission's Complaint (ECF No. 1) alleged that Defendant Kaydon Corporation denied a reasonable accommodation to and discharged Larry E. Newsome ("Newsome") on the basis of his disability, in violation of the ADA. In agreeing to resolve this litigation, Defendant denies any wrongdoing or liability. Likewise, the Commission does not disavow the allegations in its Complaint.

The Commission and Defendant hereby stipulate to jurisdiction of the court over the parties and agree that the subject matter of this action is properly before the court.

The parties have advised this court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. (*See* ECF No. 35.)

It is therefore the finding of this court, made on the pleadings and the record as a whole, that: (1) the court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent

1

Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 19 below.

It is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendant shall not discriminate against any person on the basis of disability or any other protected category within the meaning of the ADA**,** including by failing to provide a qualified individual with a disability with a reasonable accommodation or discharging such an individual on the basis of the individual's disability.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall not require that a qualified individual with a disability be fully released to return to work without any restrictions prior to returning the individual to work. When a qualified individual with a disability is released to return to work with restrictions, Defendant shall promptly engage in the interactive process to determine whether the individual can perform the essential functions of his or her job with restrictions, and if not, whether a reasonable accommodation—including, but not limited to, additional leave—is available.

4. Defendant shall pay Newsome the total sum of thirty-eight thousand dollars and zero cents ($38,000.00) in settlement of the claims raised in this action. Payment shall be made as follows: (a) a check in the amount of twenty-five thousand dollars and zero cents ($25,000.00) less all applicable tax withholdings, payable to Larry E. Newsome for claims related to back pay damages (reported on an IRS Form W-2); and (b) a check in the amount of thirteen thousand dollars and zero cents ($13,000.00) payable to Larry E. Newsome for claims related to his

compensatory damages (reported on an IRS Form 1099). Payments shall be made within fifteen (15) days after the court approves this Consent Decree, and Defendant shall mail the checks to Newsome at an address provided by the Commission. Within ten (10) days after the checks have been sent, Defendant shall send to the Commission, a copy of each check and proof of delivery to Newsome. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Newsome may or may not incur on such payments under local, state and/or federal law.

5. Within ten (10) days of the entry of this Consent Decree by the court, Defendant shall eliminate from Newsome's employment records any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 14C-2017-00866 and the related events that occurred thereafter, including this litigation. Within ten (10) days of the entry of this Consent Decree by the court, Defendant shall change all references in its personnel records for Newsome from "terminated" to "voluntarily resigned," and shall indicate that Newsome is eligible for rehire. Within fifteen (15) days of the entry of this Consent Decree by the court, Defendant shall report compliance with this provision to the Commission.

6. Defendant shall provide Newsome with a positive letter of reference using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the court, the original, signed letter of reference shall be provided to Newsome at an address provided by the Commission. Newsome is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Newsome from a potential employer, it will provide only the information set forth in the letter of reference in response.

7. Within sixty (60) days of the entry of this Consent Decree by the court, Defendant shall create a protocol for effectively identifying and considering requests for reasonable

accommodation under the ADA. The protocol shall provide clear instructions for taking and documenting the following steps: (a) determining whether the request is a request for accommodation; (b) determining the parameters of the request for accommodation; (c) determining what information is necessary to evaluate the request for accommodation; (d) determining the appropriate method of gathering all information needed to evaluate the request for accommodation; (e) documenting all information gathered in order to evaluate the request for accommodation; (f) documenting all individuals involved in evaluating the request for accommodation and the nature of their involvement; (g) documenting and preserving all substantive communications regarding the request for accommodation; and (h) documenting the outcome of the request for accommodation, including the reasons for denying or granting the request. The protocol shall be distributed to all executive and human resources personnel and to all managers and supervisors at Defendant's Sumter, South Carolina facility. Defendant shall report compliance to the Commission within seventy-five (75) days of the entry of this decree.

      8.      Within ninety (90) days of the entry of this Consent Decree by the court, Defendant shall adopt, implement, and distribute to all employees a formal, written ADA policy. The ADA policy shall, at a minimum:

    (a)    Include an explanation of the ADA, including its prohibition against discrimination based on disability;

    (b)    State that employees may be entitled to a reasonable accommodation under the ADA, which may include leave; and

    (c)    Outline a clear procedure for employees to request a reasonable accommodation. Further, within ninety (90) days of the entry of this Consent Decree, Defendant shall amend all existing leave policies to:

  (d)  Specifically reference Defendant's ADA policy; and

  (e)  State that employees may be entitled to a reasonable accommodation under Defendant's ADA policy.

Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute its ADA policy and revised leave policy to all new employees and review the same with them at the time of hire.

  9.  During the term of this Consent Decree, Defendant shall post a copy of the ADA policy described in paragraph 8, *supra*, at Defendant's Sumter, South Carolina facility in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

  10.  During the term of this Consent Decree, Defendant shall provide an annual training program to all executive and human resources personnel and to all managers, supervisors, and employees at Defendant's Sumter, South Carolina facility. Each training program shall include an explanation of the ADA and its requirements, the ADA's prohibition against "100% healed" policies and practices, and the ADA's prohibition against retaliation in the workplace. Each training program shall also include an explanation of Defendant's reasonable accommodation protocol referenced in paragraph 7 above, Defendant's ADA policy referenced in paragraph 8 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court.  Each subsequent training program shall be conducted at approximately one-year intervals.  At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov.  Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda.  Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

11.     Beginning within thirty (30) days after the entry of this Consent Decree by the court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees at its Sumter, South Carolina facility.   If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

12.     During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the court of this Consent Decree.  The reports will include the following information:

    A.    the identities of all individuals at Defendant's Sumter, South Carolina facility who have made a request for accommodation to Defendant's human resources department, a manager or supervisor, or otherwise in accordance with Defendant's policy, including by way of identification each person's name, current or last known address, and position;

    B.    all information required by the protocol described in paragraph 7 *supra* for each person identified in response to ¶ 12(A);

6

   C. for each individual identified in response to ¶ 12(A) above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

   D. for each individual whose employment status has changed as identified in ¶ 12(C) above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to ¶ 12(A) within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

13. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's Sumter, South Carolina facility, interview employees, and examine and copy documents.

14. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

15. The term of this Consent Decree shall be for two (2) years from its entry by the court.

16. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: D. Michael Henthorne at michael.henthorne@ogletree.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes,

Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

16. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

17. Each party shall bear its own costs and attorney's fees.

18. This court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 18, 2019
Columbia, South Carolina

8

The parties jointly request that the court approve and enter the Consent Decree:

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** **Plaintiff** | **KAYDON CORPORATION,** **Defendant** |
| | **s/ *D. Michael Henthorne*** |
| JAMES L. LEE<br>Deputy General Counsel | D. MICHAEL HENTHORNE<br>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>First Base Building |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | 2142 Boyce Street, Suite 401<br>Columbia, SC 29201 |
| LYNETTE A. BARNES (NC Bar #19732)<br>Regional Attorney<br>129 West Trade Street, Suite 400<br>Charlotte, NC 28202<br>E-mail: lynette.barnes@eeoc.gov | Telephone: 803-252-6873<br>Mobile: 803-873-5324<br>Email: michael.henthorne@ogletree.com<br><br>**ATTORNEYS FOR DEFENDANT** |
| KARA GIBBON HADEN<br>Senior Trial Attorney | |
| **s/ *Rachael S. Steenbergh-Tideswell*** <br>RACHAEL S. STEENBERGH-TIDESWELL<br>South Carolina Federal Bar No. 10867<br>Senior Trial Attorney<br>Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Telephone: (704) 954-6472<br>Facsimile: (704) 954-6412<br>Email: rachael.steenbergh@eeoc.gov | |
| **ATTORNEYS FOR PLAINTIFF** | |

9